13-2727-cv
Woods v. Oneida County, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of September, two thousand fourteen.

Present:     ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
                  *Circuit Judges*,
             VALERIE CAPRONI,[*]
                  *District Judge.*

_____

TRAVIS WOODS,

                         *Plaintiff-Appellant*,

             -v-                                          13-2727-cv

ONEIDA COUNTY,[**]

                         *Defendant-Appellee*.

_____

Appearing for Appellants:     David Ferleger, Jenkintown, PA.

Appearing for Appellees:      Bartle Gorman, Gorman, Waszkiewicz, Gorman & Schmitt, Utica, NY.

---

[*] Judge Valerie Caproni, of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk of the Court is directed to amend case caption as above.

Appeal from the United States District Court for the Northern District of New York (Hurd, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-appellant Travis Woods appeals from the June 14, 2013 order of the United States District Court for the Northern District of New York (Hurd, *J.*), denying plaintiff-appellant's motion for a new trial pursuant to Rule 59(a) of the Federal Rules of Civil Procedure. On appeal, plaintiff argues that the district court erred in using a special verdict form for plaintiff's claims under the Americans with Disabilities Act and the Rehabilitation Act that did not specifically ask the jury whether defendant provided plaintiff with a "reasonable accommodation." We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"To preserve for appeal any objection to the form or substance of questions on a special verdict form, a party must object before the jury has retired to deliberate." *Cash v. Cnty. of Erie*, 654 F.3d 324, 340 (2d Cir. 2011). Woods failed to raise his present objection to the special verdict sheet prior to submission of this case to the jury. Therefore his objection is unpreserved. Both parties agree as much. However, the parties disagree as to the appropriate standard of review for such unpreserved objections. Plaintiff argues that we should review for "plain error," while defendant contends that our review should assess only whether the district court committed "fundamental error." The difference in standards is of no moment here, as plaintiff's challenge fails regardless of whether we apply "plain error" or "fundamental error" review.

In assessing the appropriateness of special verdict questions, "we must read challenged questions 'in conjunction with the judge's charge to the jury.'" *Cash*, 654 F.3d at 340 (quoting *Shah v. Pan Am. World Servs., Inc.*, 148 F.3d 84, 96 (2d Cir. 1998)). Although the special verdict sheet here contains no mention of "reasonable accommodation," the jury instructions do explain that a "reasonable accommodation" may have been necessary to ensure "safe and appropriate transportation" for the disabled plaintiff. The district court instructed the jury that "[t]he ADA and the Rehabilitation Act impose an obligation on the County to reasonably accommodate disabled persons to ensure safe and appropriate post-arrest transportation." The district court further instructed the jury to "weigh all of the evidence and use your common sense and experiences to determine whether the County reasonably accommodated plaintiff's disability in order to ensure him safe and appropriate transportation."

Because of these instructions as well as the "strong presumption that the jury in reaching its verdict complied with [the court's] instructions," *Bingham v. Zolt*, 66 F.3d 553, 563 (2d Cir. 1995), we cannot conclude that the district court committed either "plain error" or "fundamental error" by failing to use the specific phrase "reasonable accommodation" in the special verdict sheet. Viewed in the full context of the jury instructions, the omission from the special verdict sheet was not "plain error," as it was not "[a]n error that 'deprive[d] the jury of adequate legal guidance to reach a rational decision' on [the] case's fundamental issue." *Rasanen v. Doe*, 723 F.3d 325, 334–35 (2d Cir. 2013) (quoting *Jarvis v. Ford Motor Co.*, 283 F.3d 33, 62 (2d Cir. 2002)). Nor do the jury instructions and special verdict form, when taken as a whole, constitute "fundamental error," that is, an error "so serious and flagrant that it goes to the very integrity of

the trial." *Shade v. Hous. Auth. of City of New Haven*, 251 F.3d 307, 313 (2d Cir. 2001) (internal quotation marks omitted). "We have found fundamental error where the jury instructions were 'hopelessly confusing and . . . fail[ed] to provide even the barest legal guideposts to aid the jury in rationally reaching a decision.'" *SCS Commc'ns, Inc. v. Herrick Co.*, 360 F.3d 329, 343 (2d Cir. 2004) (quoting *Frederic P. Wiedersum Assocs. v. Nat'l Homes Constr. Corp.*, 540 F.2d 62, 66 (2d Cir. 1976)). While the special verdict form here could have been clearer and the accompanying jury instructions could have been more concise, taken together, these documents provided the jury with sufficient guidance to rationally reach a decision.

Viewing the special verdict sheet in the context of the jury charge, the district court committed neither "fundamental error" nor "plain error" in using a verdict sheet that failed to specifically ask the jury whether defendant provided plaintiff with a "reasonable accommodation." We have considered the remainder of plaintiff's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk